## TORRES *v.* IRIZARRY.

### APPEAL from the District Court of Mayagüez

No. 788.—Decided May 3, 1912.

COSTS—OBJECTION—NONAPPEARANCE OF PARTY OBJECTING.—According to section 339 of the Code of Civil Procedure as amended by the Act of March 12, 1908, it is understood that in case of objection to a memorandum of costs the hearing thereon should be held whether the parties appear or not, or whether or not testimony is taken thereon, because neither the presence of

the parties nor the taking of evidence is obligatory but rather rights granted to the parties which may be waived either expressly or tacitly.

ID.—OBJECTION—NONAPPEARANCE OF OBJECTING PARTY—PROCEDURE.—In case of objection to a memorandum of costs when only the party claiming the costs appears and the party objecting does not appear the provisions of section 193 of the Code of Civil Procedure, subject to the provisions of section 36 of the same code, are applicable and therefore the question should, be decided accordingly. Section 192 of the same code is not applicable because the party objecting who does not appear is equivalent to a defendant, the plaintiff being the one who claims the costs.

The facts are stated in the opinion.

Mr. José Sabater for appellant.

Mr. Angel A. Vázquez for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In an action brought in the District Court of Mayagüez by José Torres against Juan Irizarry the defendant filed a sworn memorandum of costs and expenses to be collected from the plaintiff containing four items, amounting to $11, as follows: $5, fees to the secretary of the court, an equal sum for fees of witnesses who testified at the trial, 50 cents for fees of the notary who took the oath to the memorandum, and 50 cents for serving a copy of the memorandum on the plaintiff.

The plaintiff, Torres, objected in writing to the first two items of the said memorandum, alleging that the defendant, Irizarry, had not spent the $5 in fees paid to the secretary nor had he paid out an equal sum for the fees of five witnesses because only three witnesses testified at the trial, and they had no right to claim any fees because they were residents of the city of Mayagüez.

The argument on the memorandum for costs and expenses having been set for a certain day, only the attorney for the defendant appeared and moved the court that in view of the nonappearance of the plaintiff he be held to have withdrawn his objection and that the memorandum be approved, in which the court acquiesced by order of November 17 of last year, which in its relevant portion reads as follows:

"The court, in view of the nonappearance of the plaintiff to sustain the objection, holds that he has withdrawn the same, and approves said memorandum of costs in the total sum of $11."

This order is under our consideration through an appeal taken from it by the defendant, José Torres.

Section 339 of the Code of Civil Procedure, as amended by section 1 of the law approved March 12, 1908, prescribes that when a memorandum for costs is objected to the adverse party may answer the objection and the court shall set a day for the hearing thereon; and after the introduction of the pertinent evidence by the respective parties a decision shall be rendered.

It may be seen from the provisions of said section that the hearing must be held whether the parties appear or not; and that the court, whether or not evidence has been introduced, must render a decision upon the matter submitted to it, as neither the appearance of the parties at the hearing nor the introduction of evidence are obligatory acts but merely rights given to the parties and which may be waived either expressly or tacitly.

What, then, must be the decision in a case like the one at bar, in which the party claiming the costs and not the objecting party appears at the hearing? It is a general rule of procedure that after the defendant has appeared and answered the complaint, although he may not appear at the trial nor introduce any evidence, he cannot be considered as having abandoned his position and the case must go on and be decided upon its merits in accordance with section 193 of the Code of Civil Procedure. Such rule is applicable to the case at bar in accordance with section 36, which prescribes that when a court has jurisdiction, if in the exercise thereof the course of proceedings be not especially pointed out by said code, or by another statute, any suitable process or code of proceeding may be adopted which may appear most conformable to the spirit of the code. The violation of this section

by the District Court of Mayagüez in making the order appealed from is apparent.

Nor can paragraph 3 of section 192 be invoked as an exception, conformably to which a complaint may be dismissed or nonsuited, among other cases, when the plaintiff fails to appear at the trial and the defendant appearing moves that the action be dismissed. Assuming that this section could be applicable to the party presenting the memorandum of costs, it could never be applied to the party objecting to said memorandum. It is true that Torres is the plaintiff in the action and Irizarry the defendant, but in the incidental proceedings for the collection of costs Irizarry, who presented· the memorandum, became properly the plaintiff and Torres, who objected to it, the defendant. Therefore, the exception above mentioned cannot be available in the case at bar.

In view of the foregoing reasons, we believe that the order appealed from should be reversed, with instructions to the court below to set another day for the hearing of this case, and to hold this hearing irrespective of the appearance or nonappearance of the parties, and to hear the evidence which either of them may introduce, and to decide in due time this matter in accordance with law.

*Reversed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.